Mills v. Maxwell Motor Sales Corporation.

---

B. L. MILLS, APPELLEE, V. MAXWELL MOTOR SALES CORPORATION, APPELLANT.

FILED DECEMBER 23, 1920.    No. 21108.

1. **Sales: WARRANTY: EVIDENCE.** A dealer in automobiles was authorized by written contract with the manufacturer to warrant each car sold as free from defects in material and workmanship under normal use and service, if not subjected to misuse, negligence, or accident; the liability of the manufacturer being limited by the terms of the warranty to making good any defective parts returned to the latter for examination within a certain period. In an action by the dealer to be reimbursed for replacing defective parts in several cars thus sold, which the manufacturer refused to make good, particular and definite proof must be adduced with respect to each such car, as to its use, the nature of the defect, the circumstances under which the need for repairs arose and the amount expended therefor; and it must affirmatively appear that the conditions of the warranty were complied with.

2. ———: ———: SUFFICIENCY OF EVIDENCE. Evidence examined, and *held* insufficient to satisfy the above requirements, and too general and indefinite to support a verdict in favor of the dealer.

105 Neb.—30

3. **Contracts:** Warranty: Construction. A provision that liability under the warranty of an automobile against defects shall be limited to making good any parts "which our examination shall disclose to our satisfaction to have been thus defective" will not subject the matter to the uncontrolled judgment of the seller, nor deprive the courts of the right to pronounce upon the question of fact involved.

Appeal from the district court for Thomas county: Bayard H. Paine, Judge. *Reversed.*

*Sutton, McKenzie, Cox & Harris,* for appellant.

*John H. Evans, contra.*

Dorsey, C.

B. L. Mills, the appellee, entered into a written "Distributor's Agreement" with the appellant, Maxwell Motor Sales Corporation, to act as local dealer in the sale of automobiles and repairs for a certain territory centering at Thedford, Nebraska, and, under the terms of the contract, he purchased a certain number of cars, which he resold to parties in the vicinity. This action was brought to recover the amounts expended by the appellee in replacing broken and defective parts in the cars thus sold, and also for the sum of $110 deposited by him with the appellant at the time the contract was first entered into. There was a verdict and judgment for the appellee.

The written contract contained the following provision: "We warrant each new motor vehicle manufactured by us, whether passenger car or commercial vehicle, to be free from defects in material or workmanship under normal use and service, our obligation under this warranty being limited to making good at our factory any part or parts thereof which shall, within ninety (90) days after delivery of such vehicle to the original purchaser, be returned to us with transportation charges prepaid, and which our examination shall disclose to our satisfaction to have been thus defective; this warranty being expressly in lieu of all other warranties express or implied and of all other obligations or liabilities on our part, and we neither assume

nor authorize any other person to assume for us any other liability in connection with the sale of our vehicles. This warranty will not apply to any vehicle, which shall have been repaired or altered outside of our factory in any way so as, in our judgment, to affect its stability or reliability, nor which has been subject to misuse, negligence, or accident, nor to any commercial vehicle made by us which shall have been operated at a speed exceeding the factory rated speed, or loaded beyond the factory rated load capacity."

The appellee set up the foregoing provision of the contract in his petition, and alleged that the cars which he sold thereunder nearly all proved to be defective and failed to comply with the warranty, and that the appellant refused to replace the defective parts when they were returned as provided in the contract, or to reimburse the appellee for the parts supplied by him in replacing such defective parts. He also averred that the appellant canceled the contract and converted to its own use the deposit of $110 aforesaid. The prayer was for damages in the sum of $445.75.

The appellant's answer was a general denial, coupled with the admission that when their transactions terminated there was the sum of $4.37 owing to the appellee, for which the appellant offered to confess judgment.

The principal complaint upon this appeal is that there was a failure of evidence to bring the appellee's case within the conditions of the written warranty upon which it was founded. It was necessary to prove that there were defects in the material or workmanship of the automobiles in question, that such defects did not develop because the automobiles were subjected to more than normal use or service or because of misuse, negligence or accident, and that the parts claimed to be defective were returned as provided in the contract.

The evidence in the record upon those points is meager, and leaves much to inference. It consisted of general statements in the appellee's testimony, not referable to

any particular car, but to all the cars sold. "As soon as they were delivered and put out, I began to have trouble with the cars. * * * The drive-gears seemed to be the weakest part of the car, and I replaced a number of those pinions and drive-gears. * * * One man did not have the right housing with his cars * * * a number had bolts or burrs loose; * * * and I had to replace many of these parts," etc. As to one car, he said he repaired the ball-bearing races, but did not know what the expense was; the ring gear on another had to be repaired at a cost of $16; he remembered that he made some repairs on a car sold to Higgins, but could not tell their nature; he put a new differential, costing $65, in another car. These were the only details as to defects in, or repairs placed upon, any particular cars. The amounts expended by him for repairs were not itemized, but the appellee testified that they amounted, in all, to $355.

Each automobile was sold under a separate warranty that it was free from defects in material or workmanship under normal use and service, in case it was not subjected to misuse, negligence, or accident. In an action for the breach of such warranty with respect to several cars, the proof, in our opinion, must be specific and definite enough to identify each car claimed to be defective; to enable the jury to know the circumstances from which a defect or need for repairs arose in each case, in order to determine whether it was due to structural defect or some other cause; and to inform the jury as to how much was expended in repairs on each car separately. Not only was the evidence insufficient in those respects, but it conveyed no information as to the use to which any one of the cars had been put after it was sold, and the jury had no basis on which to find that they had been subjected to only normal use and service, or that they had not been subjected to misuse, negligence, or accident. Neither was there any evidence from which the jury could find that the defects had developed within 90 days after the sale of any car. We are satisfied that the proof fell short of what, in

justice to the appellant, should be required before a find-ing of breach of warranty on its part would be justified.

The form of warranty contained in the contract attempt-ed to limit the appellant's liability thereunder to the replacement of defective parts, upon condition that such parts be returned to it within 90 days, and that it be satis-fied, upon examination, that the parts were actually defec-tive, as claimed. Conversely, it attempted to limit the remedy of the appellee for breach of the warranty to the right to return defective parts and demand that they be replaced. The appellant claims that there is no evidence that the appellee did actually return these parts. While his testimony is open to the charge of indefiniteness and want of detail upon that point, as upon others, we think it sufficiently established the fact of the return of the de-fective parts.

It is further contended by the appellant, however, that it had a right under the terms of the warranty, not only to examine the parts claimed to be defective, but also to exercise its own judgment as to whether the defects were such as to require replacements to be made. The provision that the appellant's obligation was limited to making good at the factory any parts "which our examination shall disclose to our satisfaction to have been thus defective" expresses that meaning, to be sure. It would, nevertheless, be repugnant to every conception of justice to hold that if the parts thus returned for examination were, in point of fact, so defective as to constitute a breach of the war-ranty, the appellee's right of action could be defeated by the appellant's arbitrary refusal to recognize that fact. Such an interpretation would substitute the appellant for the courts in passing upon the question of fact, and would be unreasonable. The provision in question should not be so construed upon a retrial of this cause.

Because of the insufficiency of the evidence, as herein-before pointed out, we recommend that the judgment be reversed and the cause remanded.

PER CURIAM. For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause is remanded, and this opinion is adopted by and made the opinion of the court.

REVERSED.