# PRICE v. ADVANCE-RUMLEY THRESHER CO.  (No. 2277.)

(Court of Civil Appeals of Texas. Amarillo.
June 11, 1924. Rehearing Denied
July 5, 1924.)

1. Sales ⬥411—Petition held to show that seller had notice of special damages that would result by its failure to ship.

Petition in buyer's suit for damages for failure to deliver all of a threshing outfit *held* sufficient to show that buyer had notice at time of contract of special damages that would result by reason of failure to ship.

2. Pleading ⬥34(3)—Reasonable intendments in favor of pleading.

Every reasonable intendment must be indulged in favor of pleading's sufficiency as against a general demurrer.

3. Pleading ⬥210—Exceptions setting up facts not referred to in pleading are "speaking demurrers" and should be overruled.

Where plaintiff's amended pleadings to which exceptions were sustained did not set up stipulations in a contract referred to in exceptions, and contract was not attached to pleading or made an exhibit thereto, exceptions constituted "speaking demurrers" and should not have been sustained.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Speaking Demurrer.]

4. Contracts ⬥127(1)—Provision attempting to oust courts of jurisdiction held void.

Provisions of a contract for sale of a threshing machine, that buyer waived any damages for delays in delivery or failure to ship, were void, as attempts to oust courts of jurisdiction.

5. Evidence ⬥443(2)—Allegations held not to vary terms of written contract.

In buyer's action for seller's breach in shipping machinery different from that ordered, allegations that seller represented that machinery would be ready for purposes for which buyer purchased, and that such representation induced buyer to contract, were not an attempt to vary written contract, providing that no representations, except those contained therein should be binding, since they were facts constituting matters of inducement.

6. Sales ⬥273(2)—Seller impliedly warrants that article sold is fit for purpose for which intended.

There is an implied warranty in sales by manufacturers that article sold is fit for purpose for which it is intended.

Appeal from District Court, Floyd County; R. C. Joiner, Judge.

Action by F. M. Price against the Advance-Rumley Thresher Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Kirk & Griffin, of Plainview, for appellant.

Burgess, Burgess, Sadler, Chrestman & Brundidge, of Dallas, for appellee.

HALL, C. J. [1] The appellant Price sued appellee to recover damages alleged to have resulted by reason of defendant's failure to deliver all of a certain threshing outfit, which appellant had ordered from appellee for the purpose of threshing certain crops of wheat in Floyd county. The substance of the second amended original petition is that on or about the 26th day of April, 1921, the appellee company, through its agent, one Jones, entered into a written contract with appellant to sell, and did sell him, a certain threshing outfit, which is described in the petition, consisting, among other parts, of "one 28 steel inch Kuth feeder, crank style." It is further alleged that under the contract appellant was to receive the machinery at Floydada, Tex., on the cars, pay the freight charges thereon, and settle therefor by the execution of certain notes; that just prior to the time of the execution of the contract of sale by appellant, he discussed with Jones the condition of the crop then growing in Floyd county; that Jones understood appellant wanted to use the threshing outfit during that season in threshing for certain farmers who would be willing to pay appellant for his services in so doing, and that Jones represented to appellant that he would ship and deliver an outfit complete and ready for operation in threshing said crops; that the contract stipulated that appellant should have the right to countermand the purchase on or before May 20th of that year; that such right of countermand was reserved in order to enable plaintiff to ascertain whether he could procure enough wheat to be threshed for other parties to justify him in purchasing the outfit; that appellant did procure enough wheat, estimated at over 20,000 bushels, and accordingly notified the appellee, through its agent, to make shipment; that the defendant did undertake to ship the machinery so ordered, but failed to deliver the feeder described in the written order and delivered another and different feeder, which was too small and would not operate in connection with the thresher which had been shipped; that because the feeder failed to operate in connection with the thresher, plaintiff was unable to do the threshing for his customers, and at that time could not procure another outfit on account of the lateness of the season, with which to thresh his customers' wheat. The allegations are sufficient to show that the defendant had notice, at the time of the contract, of the special damages that would result by reason of its failure to ship the machinery set out in the order.

[2] We think the petition is sufficient under the rule that every reasonable intendment must be indulged in favor of the sufficiency of a pleading as against a general demurrer. The court sustained the general demurrer, which we think is error. The following special exceptions were also sustained to the petition:

"Second. For special exception defendant shows that plaintiff bases his cause of action upon that certain written contract dated April 26, 1921, entered into between defendant and plaintiff, and that said contract forming the basis of plaintiff's cause of action, specially provides, among other things, 'Vendor will use its best efforts to make shipment on or before the dates specified above (the date thus specified being on or about June 1, 1921, or as soon thereafter as it can do so), but it is agreed that the vendor shall not be liable for any damage, on account of failure to so ship the goods ordered, or any part thereof, nor for delays in shipment or transportation arising from any cause.' And also further provides, 'Vendor assumes no liability and is hereby released of all claims for delay in delivery, in shipment or transportation and all consequential damages.' That under the terms of said contract so pleaded by the plaintiff, plaintiff specially waives any damages for delays in delivery 'or failure to ship and deliver said separator or any part thereof, as is fully shown by a copy of said contract hereto attached and marked Exhibit A, that under the terms of said contract plaintiff specially waived any and all damages against the defendant for failure to ship or deliver the machinery therein named or any part thereof. Wherefore defendant says that plaintiff's petition is insufficient in law and shows no cause of action against it, and of this judgment is prayed."

"Fifth. Defendant further specially excepts to all that part of plaintiff's petition alleging that defendant negligently failed and refused to deliver the machinery covered by said written order pleaded complete and properly equipped on account of the feeder not being adapted to said machinery, in that under said written contract plaintiff specially waived any and all damage on account of any failure of the defendant to ship the goods ordered or any part thereof."

[3] The appellant's amended pleadings, to which the foregoing exceptions were sustained, did not set up the stipulations in the contract with reference to damages. recited and referred to in the exceptions, neither was the writing attached to the pleading and made an exhibit thereto. The stipulation with reference to release of damages against the appellee, in the event it should fail to comply with the terms of the order, are made part of the exceptions. The exceptions were, therefore, what are termed "speaking demurrers," and should not have been sustained. Cudahy Packing Co. v. M., K. & T. Ry. Co. of Texas (Tex. Civ. App.) 206 S. W. 854; Pyle v. Park (Tex. Civ. App.) 196 S. W. 243.

[4] Since the case must be remanded, we express the opinion that the provisions contained in the contract as set out in the speaking demurrers are void:

"The law does not allow parties to make contracts whereby they bargain away in advance the right to resort to the courts for the protection of their rights and the determination of their liabilities." 2 Page on the Law of Contracts, § 719.

"Contracts, by which the parties thereto seek to oust the jurisdiction of the courts and to deny the right of one or both to resort to any court of competent jurisdiction to settle questions of law that may arise thereunder, are declared void as against public policy. Courts guard with jealous eye any contract innovations upon their jurisdiction." 2 Elliott on Contracts, § 725; Watson v. Boswell, 25 Tex. Civ. App. 379, 61 S. W. 407; Mills v. Maxwell Motor Sales Corp., 105 Neb. 465, 181 N. W. 152, 22 A. L. R. 130.

[5] The court also sustained the following special exception to appellant's petition:

"7–A. Defendant excepts to all that part of plaintiff's petition alleging that he, said Jones, represented to plaintiff that the defendant would ship and deliver to him at Floydada, Tex., said threshing outfit complete and ready for operation for such purposes (being the purposes alleged by plaintiff for which he was purchasing said machine), upon which representation plaintiff relied and which induced him to enter into said contract, because same is an effort to ingraft upon the written contract, made the basis of plaintiff's suit, the oral statement of F. A. Jones, made prior to the execution of said contract, and because same is an effort to alter, vary, and change the terms of the written contract, which provides in its face that there are no representations, warranties, or conditions, express or implied, statutory or otherwise, except those contained in the written contract and no agreements collateral thereto to be binding upon either party unless in writing upon or attached to said contract, signed by the purchaser and accepted by the vendor at its head office and of this judgment is prayed."

We think the court erred in sustaining this exception. The allegations do not in any way contradict or vary the terms of the written contract. They are facts constituting matters of inducement. The appellant's suit is not based upon any warranty, but he seeks to recover damages for breach of the contract, in that appellee bound itself to ship machinery of a certain description and breached the obligation by shipping a feeder of altogether a different kind.

[6] If it could be held to be a suit based upon a breach of warranty, still we think the exception should not have been sustained. There is an implied warranty in sales by manufacturers that the article sold is fit for the purpose for which it is intended, and the allegation is that the threshing outfit was

worthless because the appellee shipped another and different feeder from that described in the contract.

For the reasons stated, the judgment is reversed, and the cause remanded.