## UNITED STATES v. SEABOARD CITIZENS NAT. BANK OF NORFOLK.

### No. 6584.

United States Court of Appeals
Fourth Circuit.

Argued June 9, 1953.

Decided July 15, 1953.

John M. Hollis, Asst. U. S. Atty., Norfolk, Va. (A. Carter Whitehead, U. S. Atty., Richmond, Va., Warren Olney, III, Asst. Atty. Gen., Harold P. Shapiro and Leonidas F. Summerall, Washington, D. C., on the brief), for appellant.

J. Hoge Tyler, III, Norfolk, Va., on the brief, for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

This is an appeal in an action instituted for the forfeiture of an automobile engaged in the violation of the internal revenue laws. The Seaboard Citizens National Bank of Norfolk, Va., holder of a mort-

gage on the automobile, intervened in the action asking remission of the forfeiture to the extent of its mortgage interest under the provisions of 18 U.S.C. § 3617. No question was raised as to the good faith of the bank or as to its having complied with the conditions necessary to the remission of the forfeiture of its interest. The court granted the petition of the bank, entering an order that the automobile be condemned and sold but that from the proceeds of sale the marshal, after paying the costs of the proceeding including costs incident to seizure, storage and sale, pay the lien of the bank in the amount of $904.-48 and then pay the remainder of the proceeds to the United States. Included in this sum of $904.48 was a 15% attorney's fee amounting to $117.98; and the only question raised by this appeal is the correctness of allowing this attorney's fee as a part of the lien for which remission was granted. We think that the fee was properly allowed.

The note given the bank contained a provision that if any installment should not be paid when due the entire amount should become due and payable forthwith at the option of the holder of the note "with cost of collection including fifteen per cent attorney's fees". The mortgage (deed of trust) securing the note contained the following provision:

"If default shall be made in the payment of any installment of said note or in any agreement or covenant herein made, the party of the first part will forthwith deliver the said automobile with its equipment and accessories to the said trustee, or to his nominee, and if he shall fail to make such delivery after default, the trustee, with or without legal process may take possession of the said automobile, with its improvements and accessories, wherever the same may be found; and the party of the first part agrees to pay all costs, charges, expenses and disbursements, including an attorney's fee of fifteen per cent of the amount then due on said note, incurred in taking possession

of and holding said automobile, or in collecting any sums which may be due and owing to the holder of said note."

We think that the effect of these provisions was to give to the bank a lien on the mortgaged automobile, not only for the amount of the note, but also for expenses incurred in collecting it on default including a 15% attorney's fee. There can be no question but that such provision is lawful in Virginia and that the attorney's fees provided for therein are a part of the same obligation as the principal and interest of the note and are payable in the same way out of the proceeds of the mortgaged property. Merchants & Planters Bank v. Forney, 183 Va. 83, 31 S.E.2d 340. It is argued that the attorney's fees were incurred after the seizure of the automobile, and that, since the forfeiture became absolute at that time,[1] remission under the statute should not cover attorney's fees subsequently earned. The answer is that prior to the seizure the mortgage secured the debt of the bank and expenses which might be incurred in collecting it, including attorney's fees, and that in remitting the interest of the mortgagee from the forfeiture incurred by the mortgagor, there is no reason to exclude any part of the obligation secured by the mortgage.

Upon the seizure of the automobile by the officers, it was necessary for the bank to employ counsel to collect its note which was in default. The fees which they earned were a part of the debt evidenced by the note and secured by the mortgage and there is no reason why they should be treated other than as a part of the debt so secured. The situation is precisely analogous to that presented where a note providing for attorney's fees and secured by a mortgage on property is collected in a bankruptcy or reorganization proceeding, where rights are determined by the filing of the petition just as they are here by the offense resulting in forfeiture. See Security Mortgage Co. v. Powers, 278 U.S. 149, 155–156, 49 S.Ct. 84, 73 L.Ed. 236; Brown v. Security Nat. Bank of Greensboro, 4 Cir., 200 F.2d 405; In re Kashmir Refinishing Co., 2 Cir., 94

---

1. In re Henderson's Distilled Spirits, 14 Wall. 44, 81 U.S. 44, 57, 20 L.Ed. 815; United States v. Stowell, 133 U.S. 1, 10 S.Ct. 244, 33 L.Ed. 555.

F.2d 652. As said in Security Mortgage Co. v. Powers, supra [278 U.S. 149, 49 S.Ct. 86]:

"The trustee contends that the credit for the attorney's fees was precluded by provisions of the Bankruptcy Act. He insists that, at the time of the adjudication, the liability was contingent, since at the time there had not been any default; and under section 63 of the Bankruptcy Act (11 U.S.C.A. § 103) a contingent claim is not provable. But the mortgage company does not seek to prove the claim in bankruptcy. It asks to have it allowed as a part of the principal debt, which is secured by a lien upon the property sold. The federal courts for Georgia have, in a series of cases, refused to permit this to be done, on the ground that the liability was contingent at the time of the adjudication. (Citing cases.) We find nothing in the Bankruptcy Act to justify such a refusal. The lien was not inchoate at the time of the adjudication. It had already become perfect when the principal note and the loan deed securing it were given. Property subject to a lien to secure a liability still contingent at the time of bankruptcy is not discharged from the lien by the adjudication. The secured obligation survives; and if it is that of a third person is usually unaffected by the bankruptcy. When by the happening of the event the contingent liability becomes absolute, the lien becomes enforceable, though this occurs after the adjudication."

What was said by the Supreme Court with respect to the effect of bankruptcy can be said here with respect to the effect of the offense resulting in forfeiture. The lien for attorney's fees was not inchoate at the time of the offense. It had already become perfect when the note and deed of trust securing it were given. While that lien, as well as the automobile securing it, was subject to forfeiture as a result of the violation of law in which the automobile was engaged, the court was given jurisdiction by 18 U.S.C. § 3617 to remit the forfeiture with respect to the lien upon a

proper showing by the bank; and, upon this showing being made, there was no reason why the remission should not extend to the full amount of the lien. The contingent liability for attorney's fees having become absolute, there was no reason why the remission should not extend to this as well as to the other parts of the obligation secured.

 The argument that the government will be burdened by allowing such fees to be included in the lien as to which remission is granted is without foundation. The government does not pay the fees. They are paid out of the proceeds of the property condemned. There is no obligation resting on the government to provide for the remission of any part of the lien on the condemned property; but, if such remission is authorized, as it is, on the theory that an innocent lienholder should not suffer from the forfeiture, there is no reason why he should suffer the loss represented by attorney's fees where these are expressly covered by his lien. ◊

The decision of the court below will be affirmed.

Affirmed.