INTERNATIONAL HARVESTER CREDIT CORPORATION, PLAINTIFF v. R. S. RICKS, ORIGINAL DEFENDANT, AND INTERNATIONAL HARVESTER COMPANY AND WAKEFIELD EQUIPMENT COMPANY, THIRD PARTY DEFENDANTS

No. 7226SC721

(Filed 22 November 1972)

1. **Courts § 21— contract executed in Virginia — what law governs**

   Where the contract in question was executed in Virginia, interpretation of the contract is governed by the law of that state; however, the laws of North Carolina govern questions of procedure.

2. **Rules of Civil Procedure § 41; Sales § 14— cross claim — denial by court sitting without jury**

   The trial court, sitting without a jury, did not err in denying third party defendant's motion to dismiss the cross claim of original defendant based on third party defendant's alleged breach of an express written warranty. Rule of Civil Procedure 41.

3. **Sales § 15— breach of warranty — defective parts as determined by seller — judicial review**

   A proviso in a warranty made by third party defendant Harvester Company that repairs would be made where parts or workmanship proved to be defective "in the Company's judgment" did not grant the seller uncontrolled discretion in recognizing the warranty but did subject Harvester Company's judgment as to defective material or workmanship to judicial review.

4. **Sales § 17— breach of warranty — sufficiency of evidence**

   Evidence was sufficient to support the findings of fact that third party defendant Harvester Company breached its warranty with respect to a farm tractor.

5. **Sales §§ 17, 19— breach of warranty — sufficiency of evidence**

   Evidence was sufficient to support judgment for $5000 for original defendant on his cross claim for breach of warranty where such evidence tended to show that defendant purchased a farm tractor

under warranty, that the tractor performed "all right" until 1968 when problems with the hydraulic system rendered the equipment totally useless, that defendant made numerous attempts to have the tractor repaired through the dealer, and that the fair market value of the tractor had it been in operating condition was $5000, but in its defective condition it was worth nothing.

**6. Contracts § 29— breach of contract — "accrued interest" — liability of purchaser for interest after breach**

Where plaintiff brought an action to recover the balance due on a conditional sales contract and such amount as determined by plaintiff included "accrued interest," the trial court did not err in failing to award interest on the recovery since the record did not show when plaintiff added the "accrued interest."

**7. Costs § 1— attorney's fees — liability of purchaser in action on conditional sales contract**

By provision of the contract whereby purchaser agreed to pay reasonable attorney's fees incurred in the collection of an amount payable under the contract, plaintiff seller was entitled to an award of attorney's fees in a suit brought to recover balance due on a conditional sales contract.

APPEAL by plaintiff and third party defendant International Harvester Company from *McLean, Judge,* 15 May 1972 Schedule C Session of MECKLENBURG Superior Court.

Plaintiff instituted this action against the original defendant (Ricks) to recover $5,150.29 balance on a conditional sale contract and for possession of a farm tractor and certain equipment covered by the contract to the end that the same be sold and proceeds from the sale applied to the indebtedness. Ricks filed answer admitting execution of the contract but denied that plaintiff owned the contract, denied that Ricks had defaulted in payments, and denied that he was indebted to plaintiff.

Ricks also pleaded a cross claim based on breach of warranty against the third party defendants, International Harvester Company (Harvester Company) who manufactured the tractor, and Wakefield Equipment Company (Equipment Company) who sold him the tractor.

Jury trial was waived and following the introduction of evidence by all parties except Equipment Company, the court entered judgment in which it found facts as alleged and contended by plaintiff and Ricks, concluded that plaintiff was entitled to judgment for deficiency against Ricks and that Ricks was entitled to judgment against Harvester Company and

Equipment Company for damages for breach of warranty. From judgment in favor of plaintiff against Ricks for $1,606.47 and in favor of Ricks against Harvester Company and Equipment Company for $5,000.00, plaintiff and Harvester Company appealed.

*Ervin, Horack & McCartha by C. Eugene McCartha for International Harvester Credit Corporation and third party defendant, International Harvester Company.*

*Cherry, Cherry and Flythe by Joseph J. Flythe and Ernest L. Evans for R. S. Ricks, original defendant and third party plaintiff.*

BRITT, Judge.

[1]   While there was no finding or admission on the point, it appears that the conditional sale contract involved in this action was executed in Wakefield, Virginia, where Equipment Company's place of business was located. Our courts have held that the interpretation of a contract is governed by the law of the place where the contract was made. *Fast v. Gulley,* 271 N.C. 208, 155 S.E. 2d 507 (1967); *Ford Motor Credit Co. v. Jordan,* 5 N.C. App. 249, 168 S.E. 2d 229 (1969). However, the laws of North Carolina govern questions of procedure including the rules as to the sufficiency of evidence to withstand motion for nonsuit or dismissal. 2 Strong, N.C. Index 2d, Courts, § 21, p. 467.

## HARVESTER COMPANY APPEAL

[2]   Harvester Company's first contention 'is that the evidence offered by Ricks was not sufficient to withstand Harvester Company's motion to dismiss the cross claim.

Harvester Company's main argument on this contention is that while Ricks based his cross claim on breach of an express written warranty, he did not introduce the written warranty into evidence. The record reveals that Harvester Company moved to dismiss the cross claim at the close of Ricks's evidence and on failure of the court to grant its motion proceeded to introduce evidence including the written warranty; the motion to dismiss was not renewed at the close of all the evidence.

Since 1 January 1970 the former motion for involuntary nonsuit in nonjury trials has been replaced by the motion for

dismissal authorized by G.S. 1A-1, Rule 41(b) and (c). *Cutts v. Casey,* 278 N.C. 390, 180 S.E. 2d 297 (1971). Under the former practice it was clear that where plaintiff offered evidence for the purpose of defeating defendant's cross claim, plaintiff waived his motion to nonsuit the cross claim made at the close of defendant's evidence, and if the motion to nonsuit was not renewed at the close of all the evidence, the sufficiency of the evidence was not presented on appeal. 7 Strong, N.C. Index 2d, Trial, § 20, p. 292.

G.S. 1A-1, Rule 41(b) provides in pertinent part: "After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence." Rule 41(c) provides that the "provisions of this rule apply to the dismissal of any counterclaim, cross claim, or third-party claim." We hold that the court did not err in denying defendant's motion to dismiss the cross claim.

Harvester Company's second contention is that there was not sufficient evidence to support the court's findings of fact that Harvester Company breached its warranty.

[3]  The written warranty involved here provides in pertinent part as follows: "International Harvester Company warrants to the original purchaser each item of new farm * * * equipment * * * to be free from defects in material and workmanship under normal use and service. The obligation of the Company under this warranty is limited to repairing or replacing as the Company may elect, free of charge and without charge for installation, at the place of business of a dealer of the Company * * * any parts that prove, in the Company's judgment, to be defective in material or workmanship within twelve months or 1500 hours of use, whichever occurs first, after delivery to the original purchaser."

First, we consider the effect of the proviso in the warranty "in the Company's judgment." In 46 Am. Jur., Sales, § 732, p. 857 we find: "A provision that liability under the warranty of an automobile against defects shall be limited to making good

any parts 'which our examination shall disclose to our satisfaction to have been thus defective' will not subject the matter to the uncontrolled judgment of the seller, or deprive the courts of the right to pronounce upon the question of fact involved." *Mills v. Maxwell Motor Sales Corp.*, 105 Neb. 465, 181 N.W. 152, 22 A.L.R. 130 (1920) is cited as authority for the quoted statement. We think the same rule would apply here and that Harvester Company's judgment as to defective material or workmanship is subject to judicial review.

[4]  ·Since pertinent evidence is reviewed in connection with plaintiff's third contention, we deem it unnecessary to review the evidence here; suffice to say, we hold that it was sufficient to support the findings of fact that Harvester Company breached its warranty.

[5]  Harvester Company's third contention is that there was not sufficient evidence to support the court's findings of fact, conclusions of law, and judgment that Ricks was entitled to recover $5,000.00 from Harvester Company. We reject his contention.

A part of the evidence viewed in the light most favorable to Ricks tended to show:

On 28 February 1968 Ricks (a resident of Conway, N. C.) purchased the tractor in question together with four items of farm equipment from Equipment Company for $10,549.50, the price of the tractor being $7,300.00. Ricks "traded in" a 1965 Ford tractor and two items of farm equipment for which he was allowed $3,000.00; he paid $1,399.50 in cash. On 23 December 1968 he paid $2,029.07 and on 23 December 1969 he paid $1,258.14. Ricks proceeded to use the tractor during 1968 and the tractor performed "all right" except for the hydraulic system and that did not give much trouble until he began picking peanuts in 1968. In picking peanuts he used a combine with the tractor and the hydraulic system gave considerable trouble. Failing to get relief from Equipment Company, very soon after Christmas of 1968 Ricks contacted Harvester Company's Charlotte office by telephone and was instructed to take the tractor to Harvester Company's dealer in Scotland Neck, N. C. Being unsuccessful in his efforts to get assistance from the Scotland Neck dealer, Ricks called the Charlotte office again and was told to contact their dealer in Franklin, Virginia. The Franklin dealer took the tractor "back and forth" three times but did

not succeed in repairing it. When the 1969 planting season arrived, the tractor was in the Franklin dealer's garage. Ricks hired someone to plant his 1969 crops because he could not steer the tractor due to the defective hydraulic system which affected the power steering. Beginning in 1968, Ricks called Harvester Company's Charlotte office at least 10 or 15 times and requested that the defective hydraulic system be remedied. Failing to get relief from the Charlotte office, he contacted Harvester Company's Chicago office but that office provided no effective relief. In 1969 and 1970 Ricks farmed by hiring someone else's tractor but due to delays in getting the work done, he lost some of his crops.

When the tractor was repossessed in 1971, it registered only 434 work hours. Ricks testified without objection that in his opinion the reasonable fair market value of the tractor had it been in operating order was $5,000.00; that in the fall of 1968, in its defective condition, the tractor was not worth anything.

The measure of damages ordinarily recoverable for breach of warranty is the difference between the reasonable market value of the property as warranty and as delivered, with such special damages as were within the contemplation of the parties. *Nationwide Mutual Insurance Company v. Don Allen Chevrolet Company*, 253 N.C. 243, 116 S.E. 2d 780 (1960); *Hendrix v. B. & L. Motors, Inc.*, 241 N.C. 644, 86 S.E. 2d 448 (1955).

We hold that the evidence was sufficient to support the findings of fact, conclusions of law, and judgment that Ricks was entitled to recover $5,000.00 from Harvester Company.

### PLAINTIFF'S APPEAL

Plaintiff contends that the court erred in not allowing plaintiff to recover interest and attorney fees from Ricks.

[6]  We consider first the question of interest. Plaintiff commenced this action on 16 March 1971 and thereafter took possession of the tractor and equipment embraced in the conditional sale contract. Plaintiff's evidence discloses that pursuant to notice a sale of the property was held on 2 June 1971 but there were no bids. Thereafter, plaintiff's witness Denham testified: "We ultimately sold the tractor to Mitchiner Truck & Tractor Company in Scotland Neck, North Carolina, and the remainder of the equipment was sold to Bunn International, both of which were International Harvester Company dealers at that time.

The total sales price for the equipment was $3,600. We had a total of $297.56 expenses in connection with the sale. After adding the *accrued interest* and deducting the expenses of the sale and deducting the proceeds of the sale, there was a balance due International Harvester Credit Corporation by Mr. Ricks of $1,606.47." (Emphasis added.)

The record does not disclose when plaintiff added "accrued interest" and concluded that Ricks owed a balance of $1,606.47, therefore, the court did not err in failing to award interest on the recovery. As to interest on the judgment which was entered on 22 May 1972, it would appear that G.S. 24-5 would apply.

[7] We now consider the question of attorney fees. The contract provides: "Purchaser agrees to pay all expenses including reasonable attorney's fees, court costs and out-of-pocket expenses incurred in the collection, by suit or otherwise, of any amount payable under this contract."

We hold that plaintiff was entitled to recover attorney fees; however, the amount of fees could depend on whether Virginia law applies or whether North Carolina law applies. If Virginia law is applicable, then the trial court would award a "reasonable" fee. *United States v. Bank,* 206 F. 2d 62 (1953); *Merchants and Planters Bank v. Forney,* 183 Va. 83, 31 S.E. 2d 340 (1944). If North Carolina law is applicable, then the provisions of G.S. 6-21.2 would control.

For the reasons stated, this cause must be remanded to the superior court for (1) a determination as to whether the contract was executed in Virginia or North Carolina and (2) awarding of attorney fees consistent with this opinion.

As to Harvester Company's appeal, the judgment is affirmed.

As to plaintiff's appeal, the cause is remanded.

Chief Judge MALLARD and Judge BROCK concur.