BINNING'S, INC. v. ROBERTS CONSTRUCTION COMPANY, INC., BOBBY R. ROBERTS AND RUBY M. ROBERTS

No. 7022SC536

(Filed 21 October 1970)

1. Attorney and Client § 7— action on note — enforcement of attorneys' fees provision — sufficiency of notice to makers

In plaintiff's action to recover on a promissory note which provided for the payment of reasonable attorneys' fees upon default by the makers, a letter mailed by plaintiff's attorneys to the makers of the note, stating that the plaintiff would enforce the attorneys' fees provision of the note, sufficiently complied with the notice requirements of G.S. 6-21.2 (5) so as to give the makers an opportunity to pay the balance of the note without incurring the expense of attorneys' fees.

2. Attorney and Client § 7— action on note — award of reasonable attorneys' fees

Where an unsecured promissory note provided for the payment of reasonable attorneys' fees upon default by the debtor, without specifying any specific percentage, the trial court properly allowed the plaintiff to recover as reasonable attorneys' fees 15% of the balance due on the note, as provided by statute. G.S. 6-21.2 (2), G.S. 6-21.2 (3).

APPEAL by defendants Bobby R. Roberts and Roberts Construction Company, Inc., from *Seay, J.,* June 1970 Session of DAVIDSON Superior Court.

This was a civil action commenced on 4 March 1970 based upon an unsecured promissory note executed by the defendants. The terms of the note provided that, in the event of default, all costs and expenses of collection, including reasonable attorneys' fees, were to be paid by the makers of the note. In the complaint dated 4 March 1970, the plaintiff alleged default on the note and claimed the entire principal together with interest and reasonable attorneys' fees. On 2 April 1970 the defendants answered alleging, among other things, that the plaintiff had not given notice to the defendants as provided in G.S. 6-21.2(5) that he intended to enforce the provision in the note relative to the payment of the costs of collection including reasonable attorneys' fees.

On 26 June 1970, the parties waived trial by jury and stipulated that the court could make its conclusions of law and enter judgment based on an agreed statement of facts.

The pertinent facts as stipulated by the parties are summarized as follows:

The defendants on 20 January 1970 executed and delivered to the plaintiff a promissory note in the principal sum of $25,021.87 to be due and payable on 30 January 1970, said note containing the following provision: "It is further agreed that in the event of default, all costs and expenses of collection, including reasonable attorneys' fees, shall be collectible herewith and shall be paid by the makers of this note." When the note became due, there was a default in the payment of the note and the defendants Bobby R. Roberts and Roberts Construction Company, Inc., admitted that the plaintiff was entitled to recover from the defendants the entire principal sum of $25,021.87 together with interest at the rate of 9% per annum from 30 January, 1970. No payment of any part of the principal or interest on the note had been paid. No notice as provided by G.S. 6-21.2 (5) with respect to the recovery of attorneys' fees in addition to the outstanding balance of the note was given by the plaintiff to any of the defendants prior to 2 April 1970. On 2 April 1970, a letter was mailed by Walser, Brinkley, Walser & McGirt, attorneys for the plaintiff, to the defendants, Bobby R. Roberts and Roberts Construction Company, Inc., giving the notice provided in G.S. 6-21.2 (5) that the plaintiff intended to enforce the provision in the note relative to the payment of reasonable attorneys' fees as a part of the costs of the collection of the note.

The defendant Ruby M. Roberts died while this action was pending and her executor had not been made a party to the proceedings. It was stipulated that any judgment entered in the cause would not be binding on either the plaintiff or her estate. The parties stipulated that the sole undisputed issue for determination by the court was whether the defendants Bobby R. Roberts and Roberts Construction Company, Inc., were obligated to pay the costs and expenses of collection with respect to the note including reasonable attorneys' fees in addition to the principal sum and interest due thereon.

Based on the agreed statement of facts, Judge Seay concluded as a matter of law that " . . . the notice given by the plaintiff to the said defendants was sufficient to comply with the requirements of G.S. 6-21.2 (5)," and entered judgment that the plaintiff have and recover of the defendants Bobby

R. Roberts and Roberts Construction Company, Inc., $25,021.87 representing the principal sum due on the promissory note, and the sum of $907.14 representing interest due thereon, and the further sum of $3,785.19 representing reasonable attorneys' fees.

The defendants Bobby R. Roberts and Roberts Construction Company, Inc., excepted to the court's conclusion of law and to the entry of the judgment and appealed to the North Carolina Court of Appeals.

*C. Horton Poe, Jr., for the defendant appellants.*

*Walser, Brinkley, Walser & McGirt, by Walter F. Brinkley, for the plaintiff appellee.*

HEDRICK, Judge.

[1] The exceptions in the record present the question of whether the facts admitted in the record support the conclusions of law made by the court, and whether the court committed error in entering judgment that the plaintiff recover as reasonable attorneys' fees 15% of the balance due on the note.

G.S. 6-21.2, in part, provides:

"Obligations to pay attorneys' fees upon any note, conditional sale contract or other evidence of indebtedness, in addition to the legal rate of interest or finance charges specified therein, shall be valid and enforceable, and collectible as part of such debt, if such note, contract or other evidence of indebtedness be collected by or through an attorney at law after maturity, . . . . "

G.S. 6-21.2(5), in pertinent part, provides:

"The holder of an unsecured note . . . shall, after maturity of the obligation by default or otherwise, notify the maker . . . that the provisions relative to payment of attorneys' fees in addition to the 'outstanding balance' shall be enforced and that such maker . . . has five days from the mailing of such notice to pay the 'outstanding balance' without the attorneys' fees. If such party shall pay the 'outstanding balance' in full before the expiration of such time, then the obligation to pay the attorneys' fees shall be void . . . . "

Binning's, Inc. v. Construction Co.

The defendants contend that before the plaintiff would be entitled to collect reasonable attorneys' fees in this action the notice as provided in G.S. 6-21.2 (5) must have been given by the plaintiff to the defendants prior to the institution of the action. We do not agree.

The only requirement in the statute as to when notice is to be given is that it be given " . . . after maturity of the obligation by default or otherwise . . . ." We do not construe this to mean that the notice must be given prior to the institution of the action.

The letter mailed by the plaintiff's attorneys to the defendants on 2 April 1970 was sufficient compliance with G.S. 6-21.2 (5) and gave the defendants an opportunity to pay the balance of the note without incurring the additional expenses of paying reasonable attorneys' fees.

G.S. 6-21.2 (2) provides:

"If such note, conditional sale contract or other evidence of indebtedness provides for the payment of reasonable attorneys' fees by the debtor, without specifying any specific percentage, such provision shall be construed to mean fifteen percent (15%) of the 'outstanding balance' owing on said note, contract or other evidence of indebtedness."

G.S. 6-21.2 (3) provides:

"As to notes and other writing(s) evidencing an indebtedness arising out of a loan of money to the debtor, the 'outstanding balance' shall mean the principal and interest owing at the time suit is instituted to enforce any security agreement securing payment of the debt and/or to collect said debt."

[2]   Having concluded as a matter of law that the plaintiff had complied with the provisions of G.S. 6-21.2 (5) with respect to notice, and since the note in the instant case provided for the payment of reasonable attorneys' fees by the debtor, without specifying any specific percentage, the court properly allowed the plaintiff to recover as reasonable attorneys' fees 15% of the balance due on the note together with 15% of the interest due on the note at the time suit was instituted.

The judgment appealed from is affirmed.

Affirmed.

Chief Judge MALLARD and Judge PARKER concur.