COASTAL PRODUCTION CREDIT ASSOCIATION v. GOODSON FARMS, INC., J. MICHAEL GOODSON AND WIFE, GREYLIN R. GOODSON; SAMUEL LIEBEN; AMERICAN FOODS, INC.; JEFF D. JOHNSON, III, RECEIVER; FEDERAL LAND BANK OF COLUMBIA, INC.; AND COMMODITY CREDIT CORP.

No. 834SC842

(Filed 4 September 1984)

1. **Appeal and Error § 11; Attorneys at Law § 7.4— award of attorney fees—no waiver of right to appeal**

    In an action on a promissory note, defendants did not waive their right to appeal an order awarding plaintiff attorney fees by signing a consent judgment which stated over the signature blocks, "CONSENTED TO AND ALL APPEALS WAIVED," where the judgment expressly provided for further judicial proceedings to establish attorney fees.

2. **Attorneys at Law § 7.4— attorney fee provision of note—notice of intention to enforce**

    Notice received by defendants of plaintiff's intention to enforce the attorney fee provisions of a promissory note complied with G.S. 6-21.2(5) where defendants signed a consent judgment at least five days before the notice of hearing was served which provided that if defendants defaulted in their promised compliance with its payment terms, they would submit to a judgment for attorney fees.

3. **Attorneys at Law § 7.4— attorney fee provision of note—range permitted by note and statute**

    Language in a promissory note requiring the debtors to pay a "reasonable attorney's fee of not less than ten per centum of the total amount due hereon" specified a specific percentage within the meaning of G.S. 6-21.2(1), and the note and that statute combined to set a range of reasonable attorney fees between 10% and 15%.

**4. Attorneys at Law § 7.4— attorney fee provision of note—amount of fee—necessity for evidence and findings**

Although the fixing of attorney fees for the collection of a promissory note within the range permitted by the note and by statute lay in the discretion of the trial court, the reasonableness of the award was required to be supported by evidence and findings of fact.

**5. Attorneys at Law § 7.4— attorney fees for collection of note—fees for related actions**

When other actions are reasonably related to the collection of the underlying note sued upon, attorney fees incurred therein may be properly awarded under G.S. 6-21.2. Therefore, time spent by plaintiff's attorney in bankruptcy, foreclosure and receivership actions which were connected to the collection of a note was properly considered by the court in setting the attorney fee for collection of the note.

**6. Attorneys at Law § 7.4— attorney fees for collection of note—inclusion of "merit bonus"**

Where the court found that plaintiff's attorney spent 361.5 hours of reasonable attorney time in the collection of a promissory note and that a reasonable value for his services was $75 per hour, the court erred in awarding an additional amount as an attorney fee "because of the nature, complexity, responsibility and timeliness with which plaintiff's attorney represented his client," since such factors presumably were considered by the court in determining the reasonable hourly rate for the attorney's services.

APPEAL by defendants Goodson from *Lewis, John B., Jr., Judge.* Order entered 31 March 1983 in Superior Court, SAMPSON County. Heard in the Court of Appeals 4 May 1984.

Defendant debtors appeal from an order awarding plaintiff attorneys' fees in action on a security agreement and promissory note. Facts are set out as necessary in the opinion.

*Poyner, Geraghty, Hartsfield & Townsend, by Cecil W. Harrison, Jr., for defendant appellants Goodson Farms, Inc., J. Michael Goodson and Greylin R. Goodson.*

*Wells, Blossom & Burrows, by Richard L. Burrows, for plaintiff appellee.*

JOHNSON, Judge.

I

Plaintiff, an agricultural credit facility, filed suit in February 1982 on a promissory note executed by the Goodson defendants

(hereinafter "defendants") and secured by farm real estate and equipment. In December 1982, the parties entered into a consent judgment by which plaintiff agreed to delay proceedings to February 1983. Defendants agreed to pay in full at that time. Defendants defaulted again, however, and plaintiff began seizure proceedings in March 1983. Plaintiff also filed a motion for attorneys' fees on 10 March 1983. The court granted the motion, from which order defendants appeal.

## II

[1]   Plaintiff contends first that defendants waived their right to appeal by signing the consent judgment, which read over the signature blocks "CONSENTED TO AND ALL APPEALS WAIVED." We find this argument without merit, since the judgment expressly provides for further judicial proceedings to establish attorneys' fees. Nothing in the judgment indicates any intent to waive appeals in such future proceedings, which presumably were contemplated to be adversarial in nature. The very nature of consent judgments further suggests that the agreement to waive appeal, as intended by the parties at the time of signing, extended only to the consent judgment itself. *See In re Will of Stimpson*, 248 N.C. 262, 103 S.E. 2d 352 (1958) (contract principles apply). Waiver of right to appeal must be voluntary and intentional. *Redevelopment Comm. v. Weatherman*, 23 N.C. App. 136, 208 S.E. 2d 412 (1974). And such agreements must be clear and unambiguous. *See* 4 Am. Jur. 2d Appeal and Error § 236 (1962). The language relied on does not meet this standard relative to subsequent proceedings. At hearing, both sides unequivocally indicated their intent to preserve their right to appeal any adverse ruling. Plaintiff's argument accordingly is without merit and the appeal is properly before this Court.

## III

[2]   Defendants also attempt to raise a procedural bar, *i.e.*, that plaintiff's motion for attorneys' fees could not be granted for failure to comply with the five-day prior notice requirement of G.S. 6-21.2(5). The statute does not require any particular form, other than mailing, for giving such notice. *See Binning's, Inc. v. Construction Co.*, 9 N.C. App. 569, 177 S.E. 2d 1 (1970) (letter sufficient). No particular time is specified other than "after maturity of the obligation by default or otherwise." G.S. 6-21.2(5). In the

present case, defendants signed a written consent judgment at least five days before the notice of the hearing was served. Defendants do not dispute the signature of their attorney thereon; therefore they received better service than the statute requires. The consent judgment clearly provided that if defendants defaulted in their promised compliance with its payment terms, which they did, they would submit to judgment against them for attorneys' fees. The purpose of the statute, to allow the debtor a "last chance" to pay the outstanding balance without attorneys' fees, was thus more than amply satisfied. Having signed the consent judgment, defendants cannot now complain of inadequate notice. Defendants' argument therefore must fail.

## IV

[3] Resolution of the merits of the controversy involves construction of the promissory note and the statutory provisions governing attorneys' fees. By signing the note, defendants agreed to pay a "reasonable attorney's fee of not less than ten per centum of the total amount due hereon, unless contrary to the laws of the state where this note is executed." This precise language has only been before this Court once before, at a time when such fees were still contrary to law, and thus was not construed, *Register v. Griffin*, 10 N.C. App. 191, 178 S.E. 2d 95 (1970); the decisions of other courts provide no guidance. The governing statute, G.S. 6-21.2, provides in relevant part:

Obligations to pay attorneys' fees upon any note, conditional sale contract or other evidence of indebtedness, in addition to the legal rate of interest or finance charges specified therein, shall be valid and enforceable, and collectible as part of such debt, if such note, contract or other evidence of indebtedness be collected by or through an attorney at law after maturity, subject to the following provisions:

(1) If such note, conditional sale contract or other evidence of indebtedness provides for attorneys' fees *in some specific percentage* of the "outstanding balance" as herein defined, such provision and obligation shall be valid and enforceable *up to but not in excess of fifteen percent (15%)* of said "outstanding balance" owing on said note, contract or other evidence of indebtedness.

    (2) If such note, conditional sale contract or other
evidence of indebtedness provides for the payment of
reasonable attorneys' fees by the debtor, *without
specifying any specific percentage, such provision
shall be construed to mean fifteen percent (15%)* of
the "outstanding balance" owing on said note, con-
tract or other evidence of indebtedness. (Emphasis
added.)

    The determinative question thus becomes whether subsection
(1) or (2) applies. Does the language "not less than ten per
centum" "specify any specific percentage?" We hold that it does.
Therefore, subsection (2) does not apply. The quoted statutory
language does not require specification of an exact or fixed
percentage, or override minimum or maximum percentages: it be-
comes operative only on failure to specify *any* percentage. The
General Assembly apparently intended G.S. 6-21.2(2) as a fall-back
only in case the agreement contained nothing regarding the par-
ties' intent as to what constituted a reasonable percentage. It ap-
parently did not intend it as a means of legislating a total end to
hearings on attorneys' fees. *See Credit Corp. v. Ricks*, 16 N.C.
App. 491, 192 S.E. 2d 707 (1972) (remand for hearing on choice of
law); *American Foods v. Farms, Inc.*, 50 N.C. App. 591, 275 S.E.
2d 184, *aff'd*, 304 N.C. 386, 283 S.E. 2d 517 (per curiam) (1981) (af-
firming result of hearing). Plaintiff apparently reads *American
Foods* as *requiring* imposition of the 15% fall-back figure; it is
clearly distinguishable, as are the other cases applying the auto-
matic 15% figure, since in none of them did the parties specify
any percentage at all. *Id.; Norlin Industries, Inc. v. Music Arts,
Inc.*, 67 N.C. App. 300, 313 S.E. 2d 166 (1984); *Gillespie v. DeWitt*,
53 N.C. App. 252, 280 S.E. 2d 736, *disc. review denied*, 304 N.C.
390, 285 S.E. 2d 832 (1981); *Trust Co. v. Broadcasting Corp.*, 32
N.C. App. 655, 233 S.E. 2d 687, *disc. review denied*, 292 N.C. 734,
235 S.E. 2d 788 (1977); *Binning's Inc. v. Construction Co., supra*.

    Therefore, G.S. 6-21.2(1) applies. The provision in the note is
"valid and enforceable up to but not in excess of fifteen percent."
*Id.* The note and the statute combine to set a range of reasonable
attorneys' fees between 10% and 15%. What the proper award
was within this range was thus the question before the trial court
at hearing.

V

Plaintiff contended at hearing that it was due some $36,000 in attorneys' fees, or 15% of the outstanding balance at the date of institution of the action. The court refused to simply grant the motion for the 15%, but required plaintiff to put on evidence to justify its request, although the court allowed plaintiff to do so under protest. The court awarded plaintiff some $36,000 in fees, only a few hundred dollars less than requested.

A

Defendants contend first that since plaintiff put on evidence regarding reasonableness of attorneys' fees, plaintiff is now estopped to assert that it is entitled to 15% under G.S. 6-21.2(2). They rely on *American Foods v. Farms, Inc., supra,* in that case, unlike this one, however, plaintiff's attorney did not submit his information to the court under protest or otherwise effectively object or except to the procedure. *American Foods* does not control. Nevertheless, since we have already determined that G.S. 6-21.2(2) does not apply, this question is moot.

B

[4] The amount awarded by the court fell within the range we have determined was proper. When the court determines that an award of attorneys' fees is appropriate, but such amount is not fixed by statute or otherwise, the amount ordinarily lies within the discretion of the court. *Hill v. Jones,* 26 N.C. App. 168, 215 S.E. 2d 168, *cert. denied,* 288 N.C. 240, 217 S.E. 2d 664 (1975). The fixing of attorneys' fees within the permissible range in the present case therefore lay in the discretion of the court. As such, the order is conclusive in the absence of abuse or arbitrariness or some error of law. *Stone v. Baking Co.,* 257 N.C. 103, 125 S.E. 2d 363 (1962) (discretion guided by law). In other contexts where discretionary attorneys' fees are allowed by statute, the law requires evidence and findings of fact supporting the reasonableness of the award. *See Falls v. Falls,* 52 N.C. App. 203, 278 S.E. 2d 546, *disc. review denied,* 304 N.C. 390, 285 S.E. 2d 831 (1981) (child custody case); *In re Ridge,* 302 N.C. 375, 275 S.E. 2d 424 (1981) (caveat proceeding). We see no reason for not applying the same rule here.

## C

[5]   The court found as fact that plaintiff's attorney undertook various duties, including participating in bankruptcy and foreclosure actions regarding this estate and acting as commissioner for sale of the collateral. Plaintiff argues that such time was properly chargeable to collection of the note since it was spent preserving *for* collection the assets of the estate and expediting ancillary proceedings used by defendants to delay eventual recovery. Defendants argue that the court abused its discretion in allowing such fees.

The statute allowing attorneys' fees in suits on notes established "a far-reaching exception" to the long-standing rule against allowing such fees as costs. *Supply, Inc. v. Allen*, 30 N.C. App. 272, 276, 227 S.E. 2d 120, 124 (1976). It is a remedial statute and should be construed liberally, *Enterprises, Inc. v. Equipment Co.*, 300 N.C. 286, 266 S.E. 2d 812 (1980); narrow constructions are to be avoided. *Hicks v. Albertson*, 284 N.C. 236, 200 S.E. 2d 40 (1973). The North Carolina cases which have considered the scope of attorneys' fees statutes have generally focused on the *nature of the basic obligation* sued upon, not the *scope of activities* related to that obligation. *See for example Bowman v. Chair Co.*, 271 N.C. 702, 157 S.E. 2d 378 (1967) (costs for unwarranted refusal not awarded in workers' compensation suits); *Credit Corp. v. Wilson*, 281 N.C. 140, 187 S.E. 2d 752 (1972) (guaranty contract not a "security agreement," no costs); *Tidwell v. Booker*, 290 N.C. 98, 225 S.E. 2d 816 (1976) (suit for reimbursement for past child support not contemplated in attorneys' fees provision, no costs). Alternatively, the statutes have considered the procedural posture of the case in the context of the scope of statutory preconditions for award of fees. *See Hicks v. Albertson*, 18 N.C. App. 599, 197 S.E. 2d 624, *aff'd*, 284 N.C. 236, 200 S.E. 2d 40 (1973) ("institution" of suit made award proper despite settlement); *Craven v. Chambers*, 56 N.C. App. 151, 287 S.E. 2d 905 (1982) (new trial meant no damages and accordingly no fees).

Mindful of our duty to construe the statute liberally, and of the infinite variety of activities which attorneys may engage in to bring a case to successful settlement or verdict, we believe that when other actions are reasonably related to the collection of the underlying note sued upon, attorneys' fees incurred therein may

properly be awarded under G.S. 6-21.2. Nothing prohibits such an interpretation; the statute merely allows attorneys' fees "upon any note" "collected by or through an attorney at law." *Id.* The General Assembly did not limit those fees solely to those incurred directly in the prosecution of the action on the note. In fact, it recognized that in some cases "ancillary claims" would be necessary, without in any way barring attorneys' fees incurred in pursuing such claims. G.S. 6-21.2(5) (claims under G.S. 25-9-503). Reasonableness, not arbitrary classification of attorney activity, is the key factor under all our attorneys' fees statutes. *See* G.S. 6-21.1; 6-21.4; 50-13.6; 50-16.4; *Falls v. Falls, supra.* Of course, the burden remains on the claimant to present evidence that the other proceedings are reasonably related to collection of the note. *See Hudson v. Hudson,* 299 N.C. 465, 263 S.E. 2d 719 (1980) (burden of proof on claimant in child support case). Our result, that participation in other proceedings may be allowed as costs, is consistent with the position of the United States Supreme Court. That Court has approved *disallowance* of an award of fees in other litigation where such proceedings could neither disturb the prosecution of the present suit nor affect its outcome. *United States v. Equitable Trust Co.,* 283 U.S. 738, 51 S.Ct. 639, 75 L.Ed. 1379 (1931). By extension, allowance of fees for participation in other proceedings to expedite collection or preserve assets would not constitute abuse of discretion.

Applying the foregoing principles, we have reviewed the record of hearing and the court's findings of fact. We are satisfied that the evidence supports the court's finding that the bankruptcy, foreclosure and receivership actions and other legal activity undertaken by plaintiff's attorney were "connected" to the collection of the note, and we are further satisfied that the court's conclusion suffices on this record under the reasonable relation test we have articulated above. Therefore, defendants have shown no abuse of discretion in this respect.

### D

[6]   The court found that plaintiff's attorney spent 361.5 hours of reasonable attorney time in the matter and that a reasonable value for his services was $75 per hour. Multiplied together, these figures yield a total of $27,112.50. The court awarded plaintiff $36,356.91, however, including "additional amounts that should be

awarded because of the nature, complexity, responsibility and timeliness with which plaintiff's attorney represented his client in this manner [sic]." Defendants contend that this inclusion of "bonus" fees amounted to an abuse of discretion.

We find no North Carolina authority to support the court's action. It is true that the quality of services rendered is properly considered in awarding fees, *Hill v. Jones, supra,* as well as the nature of the services required, and hence the scope and complexity of the case. *See Brown v. Brown,* 47 N.C. App. 323, 267 S.E. 2d 345 (1980). However, we must conclude that the court considered these factors in determining the reasonable hourly rate for the attorney's services. Had it wished to set a higher hourly rate in view of the complexity of the case, the court could have done so. We find no North Carolina authority for an award of a "merit bonus," however. Even assuming such bonuses are allowed, as under federal practice, that should occur only in the "rare case" where the applicant specifically shows superior quality representation and exceptional success. *See Blum v. Stenson,* --- U.S. ---, 104 S.Ct. 1541, 79 L.Ed. 2d 891 (1984). Plaintiff has not made the showing required by *Blum.* The addition, therefore, lay beyond the court's discretion, and we hold that the order awarding fees must be modified accordingly.

## VI

We find no merit in any of defendants' other arguments. The order appealed from is accordingly affirmed with the modification described above.

Affirmed and modified.

Judges WELLS and BECTON concur.