INSTITUTION FOOD HOUSE, INC. v. CIRCUS HALL OF CREAM, INC., D/B/A CIRCUS HALL OF CREAM No. 5, AND WAYNE'S ASSOCIATES, INC.

No. 9125DC752

(Filed 6 October 1992)

1. **Accounts § 14 (NCI4th); Corporations § 103 (NCI4th) — action to recover on account — authority of vice-president of corporation to sign credit application**

In an action to recover on an account, the evidence was sufficient to support the trial court's finding that the vice-president and secretary of defendant corporation had apparent authority to sign a credit application on behalf of defendant corporation, since the vice-president was the general manager of the restaurant; she supervised food operations, the ordering of merchandise, and all employees; the vice-president's husband, who was the president, advised her that plaintiff would be the basic food supplier and he advised her to sign the credit application; the vice-president's act of signing the credit application for the purchase of food supplies was usual and necessary to transact the business she was employed to transact; and the application was signed in the ordinary course of business and was not unreasonable.

**Am Jur 2d, Agency § 78; Corporations §§ 1526, 1529, 1542.**

INSTITUTION FOOD HOUSE v. CIRCUS HALL OF CREAM

[107 N.C. App. 552 (1992)]

2. **Costs § 33 (NCI4th) — formal credit agreement — attorney's fees for debt collection — proper award**

Where there was a formal credit agreement which provided for reasonable attorney's fees for the collection of past due debts, and the trial court had before it pleadings, depositions, and interrogatories which enabled it to make a determination as to the extent of work performed by counsel and the reasonableness of the fees assessed, the attorney's fees provision was legally enforceable, and the court's award was proper. N.C.G.S. § 6-21.2(2).

**Am Jur 2d, Contracts §§ 300, 411; Damages § 611.**

APPEAL by defendant from judgment entered 14 March 1991 by *Judge Nancy L. Einstein,* in CATAWBA County District Court. Heard in the Court of Appeals 25 August 1992.

*Gaither, Gorham & Crone, by J. Samuel Gorham, III, for plaintiff-appellee.*

*Lewis E. Waddell, Jr. for defendant-appellant.*

JOHNSON, Judge.

Plaintiff initiated this suit on 15 November 1989, seeking to recover upon an account which plaintiff alleged one or both defendants owed plaintiff the sum of $25,075.15, plus interest at the maximum legal rate from 21 July 1988. Plaintiff further sought to enforce the Attorney's Fee Provision of the credit application pursuant to N.C. Gen. Stat. § 6-21.2(5) (1986).

On 1 February 1990, Defendant-Wayne's Associates, Inc., answered plaintiff's complaint, specifically denying that it had done any business at Circus Hall of Cream, located on Highway 64/70 in Hickory, North Carolina. Wayne's Associates asserted that it owed plaintiff nothing, and that it was a separate corporate entity. The trial court entered a judgment awarding plaintiff $25,075.15, plus interest from the filing of the action, and attorney's fees in the amount of $3,761.27. Defendant filed timely notice of appeal.

Plaintiff-appellee, Institution Food House, Inc., is a wholesale distributor of groceries and related items to restaurants and institutions. On approximately 28 March 1984, plaintiff-appellee received an account authorization and credit application to open an account

for Circus Hall of Cream #5, located on Highway 64/70, Hickory, North Carolina. The application provided that the bills should be sent to Circus Hall of Cream #5, c/o Wayne's Associates, P.O. Box 5035, Hickory, NC 28601.

The credit application provided spaces for corporate, partnership, or proprietorship status. The corporate box was checked, and the following information given:

Corporation name and address:

Wayne's Associates, Inc., P. O. Box 5035, Hickory, N.C. 28601

Officers' names and addresses:

President—Wayne O. Hall, 934 19th Ave. N.W., Hickory, N.C.

Vice President—Nan W. Hall, 934 19th Ave. N.W., Hickory, N.C.

Secretary/Treasurer—Nan W. Hall, 934 19th Ave., N.W., Hickory, N.C.

Also on the front page of the application was the following paragraph:

I certify that this information is correct. The applicant shall be responsible for and shall reimburse IFH for all costs and expenses (including reasonable attorney's fees) incurred by IFH in connection with the collection of past due accounts. I understand the credit terms and will accordingly remit any balance due.

At the bottom of the page appeared the signature, "Nan W. Hall," situated on a line immediately above the words: "Authorized Signature (officer, partner, manager, etc.)."

The back of the application indicated that the trade name used for registration with the Sales and Use Tax Division was Wayne's Associates, Inc. and that the owner was Wayne O. Hall. The back was signed by Ms. Hall, who identified herself as the vice-president.

Wayne's Associates, Inc. was incorporated in 1968, with Wayne O. Hall as its president and general manager. Mr. Hall has operated ice cream shops, called Circus Hall of Cream, and sold ice cream equipment through Wayne's Associates since 1968. From 1975 through 1989, Nan W. Hall was vice-president and secretary of Wayne's Associates. She became a shareholder on 15 August 1985,

but later transferred her stock back to Mr. Hall as a result of a divorce proceeding.

Circus Hall of Cream #5 at the Highway 64/70 location opened for business in April of 1984. In July of 1984, it was incorporated as Circus Hall of Cream, Inc. Minutes of the first meeting of the board of directors reflect that Wayne's Associates, Inc. transferred certain assets to Circus Hall of Cream, Inc. on 30 June 1984, and that Circus Hall of Cream, Inc. assumed certain liabilities from Wayne's Associates, Inc. The difference between the value of assets transferred and the liabilities assumed, $75,000, was paid to Wayne's Associates, Inc. in the form of capital stock.

No notice was given to appellee of the assumption of corporate status. All checks received by appellee for merchandise sold to the Circus Hall of Cream Store located at Highway 64/70, before and after July, 1984, were embossed "Circus Hall of Cream," without any indication of incorporation.

Between 14 January 1988 and 15 August 1988, $25,075.15 in merchandise was sold and delivered by Institution Food House to the Circus Hall of Cream located on Highway 64/70. The account name on the statement was "Circus Hall of Cream." Plaintiff-appellee has not been paid for the merchandise delivered.

[1] On appeal, defendant first argues that the trial court erred in finding as fact that in her capacity as vice-president and secretary of Wayne's Associates, Inc. and as manager of the 64/70 store, Nan W. Hall had the apparent authority to execute a credit authorization as an agent for Wayne's Associates, Inc., and that Wayne's Associates, Inc. ratified the contract.

Rule 52 of the North Carolina Rules of Civil Procedure, N.C. Gen. Stat. § 1A-1, Rule 52 (1990), provides in pertinent part:

(a) *Findings.*

(1) In all actions tried upon the facts without a jury or with an advisory jury, the Court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment.

. . .

(c) *Review on appeal.*—When findings of fact are made in actions tried by the court without a jury, the question of the

sufficiency of the evidence to support the findings may be raised on appeal whether or not the party raising the question has made in the trial court an objection to such findings or has made a motion to amend them or a motion for judgment, or a request for specific findings.

This Court held in *General Specialties Co. v. Teer Co.*, 41 N.C. App. 273, 275, 254 S.E.2d 658, 660 (1979), that "[w]here the trial judge sits as the trier of facts, his findings of fact are conclusive on appeal when supported by competent evidence. This is true even though there may be evidence in the record to the contrary which could sustain findings to the contrary." The ruling of the trial court will not be disturbed on appeal "if there [is] any evidence to support the judgment." *Whitaker v. Earnhardt*, 289 N.C. 260, 265, 221 S.E.2d 316, 320 (1976).

Appellant's exception to the finding that Nan W. Hall had the apparent authority to execute the credit application as agent of Wayne's Associates, Inc. is not well-founded. A principal is bound by his agent's contract "when the agent acts within the scope of his or her actual authority; when a contract, although unauthorized, has been ratified; or when the agent acts within the scope of his or her apparent authority, unless the third person has notice that the agent is exceeding actual authority." *Foote & Davies, Inc. v. Arnold Craven, Inc.*, 72 N.C. App. 591, 595, 324 S.E.2d 889, 892 (1985). "Apparent authority includes authority to do whatever is usual or necessary to transact the business an agent is employed to transact." *Id.* Apparent authority is determined by the unique facts of each case. *Id.* at 595, 324 S.E.2d at 893. Facts to be considered include "the ordinary course of business, the nature and reasonableness of the contract, the officer negotiating it, the size of the corporation, and the number of shareholders." *Id.*

Defendant-appellant contends that whether Nan Hall had apparent authority to bind the corporation is a question of fact for the jury because the evidence is conflicting. As stated above, however, if there is any competent evidence to support the trial judge's finding, it will not be disturbed on appeal. *See Whitaker*, 289 N.C. 260, 221 S.E.2d 316. In the case at bar, we find sufficient evidence in the record to support the finding that Nan Hall had the apparent authority to sign the credit application. We also note that in the instant case, different logical and reasonable inferences

may not be drawn from the evidence presented, and that the question of apparent authority was one for the court.

Evidence presented at trial showed that Ms. Hall's signature is at the bottom of and on the back of the credit application; that she was the general manager of the restaurant and would remain so until another manager was hired; and that Mr. Hall, Ms. Hall's husband, also president of Wayne's Associates, Inc., never told her there were things she could not do as vice-president of Wayne's Associates. The evidence also showed that Ms. Hall spent twelve hours a day in the restaurant for six months, beginning early in April of 1984. Thereafter, she spent ten hours a day, seven days a week, in the restaurant. Ms. Hall supervised the food operations, the ordering of merchandise, all of the employees, and "everything that was done." Ms. Hall stated that Mr. Hall informed her that Institution Food House, Inc. would be the basic supplier of food. Ms. Hall also testified that Mr. Hall advised her to sign the credit application.

Under the facts of this case, Ms. Hall's act of signing the credit application for the purchase of food supplies was usual and necessary to transact the business she was employed to transact. The application was signed in the ordinary course of business and was not unreasonable. Because the evidence in the record supports the trial judge's finding that Ms. Hall had the apparent authority to sign the credit application, we uphold the trial court's decision. We need not discuss the issue of ratification since the finding of apparent authority was proper and sufficiently binds the principal by his agent's contract.

[2] Defendant-appellant next contends that the trial court erred in awarding plaintiff attorney's fees in the amount of 15% of the debt owed by defendant, without making findings as to the actual hours expended collecting the debt and the reasonable value of those services.

In the case *sub judice*, the trial judge stated that plaintiff's attorney had drafted pleadings, conducted two depositions, propounded interrogatories, requests for production, requests for admissions, and had participated in a trial which consumed the better part of the day. The court subsequently awarded attorney's fees to plaintiff. Defendant complains that "[t]here must be some notation with respect to the attorney's usual hourly charge for the time actually expended and . . . sufficient evidence such as is pro-

vided by an [a]ffidavit and billing statement showing the actual work performed and the attorney's hourly rates."

Defendant contends that such findings are required by *Coastal Productions v. Goodson Farms*, 70 N.C. App. 221, 319 S.E.2d 650, *disc. review denied*, 312 N.C. 621, 323 S.E.2d 922 (1984) (award of attorney's fees under N.C. Gen. Stat. § 6-21.2(1), where the note provided that the attorney's fees provision was "valid and enforceable up to but not in excess of fifteen percent"); *Barker v. Agee*, 93 N.C. App. 537, 378 S.E.2d 566 (1989), *aff'd in part and rev'd in part*, 326 N.C. 470, 389 S.E.2d 803 (1990) (award of attorney's fees under N.C. Gen. Stat. § 6-21.2(2), where the attorney's fees provision provided for reasonable fees "but not more than such attorney's usual hourly charges for time actually expended"); and *West End III Limited Partners v. Lamb*, 102 N.C. App. 458, 402 S.E.2d 472, *disc. review denied*, 329 N.C. 506, 407 S.E.2d 857 (1991) (provision for award of attorney's fees "not exceeding a sum equal to fifteen percent (15%) of the outstanding balance"). Defendant's reliance on these cases, none of which provided for "reasonable attorney's fees," is misplaced.

We first note that reasonableness is the key factor under all attorney's fees statutes, 70 N.C. App. at 228, 319 S.E.2d at 656. In *W.S. Clark & Sons, Inc. v. Ruiz*, 87 N.C. App. 420, 360 S.E.2d 814 (1987), this Court stated that "[a] formal credit agreement executed by the parties prior to the establishment of an open account is evidence of indebtedness; and if such an agreement contains a provision for attorney's fees it will be legally enforceable pursuant to G.S. § 6-21.2 (citation omitted)." *Id.* at 442, 360 S.E.2d at 816. In *Clark*, the plaintiff was allowed to recover a 15% fee, $4,800, without supporting affidavits.

In the instant case, as in *Clark*, although no supporting affidavit was presented, there was a formal credit agreement which provided for reasonable attorney's fees for the collection of past due debts. Moreover, in the case *sub judice*, the trial court had before it the pleadings, depositions, and interrogatories, enabling it to make a determination as to the extent of work performed by counsel and the reasonableness of the fees assessed. We, therefore, hold that the attorney's fees provision is legally enforceable and that plaintiff is entitled to the $3,761.27 award of attorney's fees pursuant to N.C. Gen. Stat. § 6-21.2(2). The decision of the trial court is

STATE EX REL. THORNBURG v. LOT AND BUILDINGS

[107 N.C. App. 559 (1992)]

Affirmed.

Judges EAGLES and PARKER concur.