**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1367**

JORGE SUAREZ,

       Plaintiff – Appellant,

v.

CAMDEN PROPERTY TRUST; CAMDEN DEVELOPMENT, INC.; CSP COMMUNITY OWNER, LP, f/k/a CSP Community Owner, LLC doing business as Camden Westwood,

       Defendants – Appellees.

------------------------------

APARTMENT ASSOCIATION OF NORTH CAROLINA; NATIONAL APARTMENT ASSOCIATION,

       Amici Supporting Appellees.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:17-cv-00124-D)

Submitted:  May 22, 2020                            Decided:  June 19, 2020

Before AGEE, WYNN, and QUATTLEBAUM, Circuit Judges.

Affirmed in part, reversed in part and remanded by unpublished opinion. Judge Quattlebaum wrote the opinion in which Judge Agee and Judge Wynn joined.

Edward H. Maginnis, Karl Stephen Gwaltney, MAGINNIS LAW, PLLC, Raleigh, North Carolina; Scott Crissman Harris, WHITFIELD, BRYSON & MASON, LLP, Raleigh, North Carolina, for Appellant. Kearns Davis, Jennifer K. Van Zant, D.J. O'Brien III, Craig D. Schauer, BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD, L.L.P., Greensboro, North Carolina, for Appellees. John J. McDermott, General Counsel, NATIONAL APARTMENT ASSOCIATION, Arlington, Virginia, for Amicus National Apartment Association. Mark P. Henriques, Matthew F. Tilley, Michael A. Ingersoll, Charlotte, North Carolina, Reid C. Adams, Jr., Rolf Garcia-Gallont, WOMBLE BOND DICKINSON (US) LLP, Winston-Salem, North Carolina, for Amicus The Apartment Association of North Carolina.

_Unpublished opinions are not binding precedent in this circuit._

QUATTLEBAUM, Circuit Judge:

This case involves a landlord's ability to charge and collect fees from a tenant in default of his lease under North Carolina law. Jorge Suarez, a former tenant of the Camden Westwood Apartments, sued Camden Property Trust, Camden Development, Inc., and CSP Community Owner, LP, f/k/a/ CSP Community Owner, LLC, d/b/a Camden Westwood (collectively "Camden"). Suarez alleged Camden, his former landlord, violated the North Carolina Residential Rental Agreements Act (the "RRAA"), the North Carolina Debt Collection Act (the "NCDCA") and the North Carolina Unfair and Deceptive Trade Practices Act (the "NCUDTPA") by improperly charging a filing fee, a service fee and an attorney's fee after he failed to make the required monthly rent payment under the lease. The district court granted summary judgment for Camden, holding that the RRAA authorized charging the disputed fees and that the charges did not constitute unfair or deceptive practices under the NCDCA or the NCUDTPA. In doing so, the district court gave retroactive effect to a 2018 amendment to the RRAA, which authorized charging the filing and service fees. The district court also determined that the attorney's fees were authorized under North Carolina law.

On appeal, Suarez argues that the district court erred by giving retroactive effect to the 2018 amendment. According to Suarez, the pre-amendment version of the RRAA did not authorize Camden to charge the filing fee, the service fee or the attorney's fee. We agree with Suarez that the 2018 amendment should not be applied retroactively. We also agree that the pre-amendment version of the statute did not authorize the filing fee or service fee charged by Camden. However, we disagree with Suarez regarding the

3

attorney's fees and conclude that the pre-amendment version of the statute authorized the attorney's fees. For these reasons, we affirm in part and reverse in part the judgment of the district court.

I.

On May 15, 2015, Suarez entered into a lease agreement with Camden for a unit in Camden Westwood Apartments. Several provisions of the lease agreement are pertinent to this appeal. The lease period was from May 16, 2015, until August 15, 2016. Suarez agreed to pay $1,220 per month to Camden by the first day of each month. If Suarez was late in paying rent and paid rent after the fifth of day of the month, Camden could assess him a late charge of 5% of the monthly rent amount. If Suarez failed to pay rent and defaulted on the lease, Camden had the right to re-enter and re-take possession of the apartment through a summary ejectment proceeding or expedited eviction proceeding under North Carolina law. Suarez would be liable for any court costs and reasonable attorney's fees incurred by Camden in enforcing the lease. Additionally, if Camden pursued a summary ejectment action, the lease provided that Suarez would be liable for a complaint filing fee in addition to late fees, court costs, attorney's fees and any other money damages or costs.

Suarez failed to pay his rent on January 5, 2016. Camden sent Suarez a late payment notice the following day and assessed him a late fee of $61. The notice stated that if Suarez failed to pay his rent and the late fee by January 15, Camden "reserve[d] the right to file a summary ejectment (eviction) lawsuit . . . seeking possession of Premises, and . . . the right

4

to seek a judgment for monies owed in a separate legal action." J.A. 60. The notice also stated that Suarez would then be liable for "Filing/Attorney Fees." J.A. 60.

Camden charged Suarez "Attorney/Eviction Fees" totaling $191. J.A. 222. The $191 charge was the sum of three separate fees: a $96 fee equal to the amount charged by the clerk of the state court to file a complaint in a summary ejectment action (the "filing fee"); a $30 fee equal to the amount charged by the sheriff to serve a complaint in a summary ejectment action (the "service fee"); and a $65 fee equal to the amount charged by Camden's eviction attorneys to pursue the summary ejectment action (the "attorney's fees"). In addition to the $191 for "Attorney/Eviction Fees," Camden charged Suarez an additional $61 "Settlement Fee," which it claimed was a separate complaint-filing fee authorized under subsection (h)(3) of section 42-46 of the RRAA. J.A. 307–08.[1]

Camden subsequently filed a summary ejectment action in Wake County, North Carolina, only seeking possession of the premises. On January 16, Suarez paid the overdue rent and all of the fees charged by Camden. Camden later voluntarily dismissed its claim against Suarez.

Almost a year later, Suarez, on behalf of himself and a putative class of similarly situated individuals, filed a complaint related to these charges in Wake County Superior Court. Pertinent to the issues raised on appeal, the complaint alleged Camden violated the RRAA, the NCDCA and the NCUDTPA by charging the "Attorney/Eviction Fees."

---

[1] If, as Camden suggests, the $191 "Attorney/Eviction Fees" included $96 for the costs of filing the summary ejectment action, it is not clear from the record how the $61 "Settlement Fee" could also be a complaint-filing fee. However, that issue is not before us.

Regarding the RRAA claim, Suarez alleged that the amounts of the "Attorney/Eviction Fees" charged by Camden were in excess of the amounts allowed under section 42-46 of the RRAA. By charging these excessive fees, Suarez also alleged that Camden violated the NCDCA by falsely representing the "character, extent and amount of the debt." J.A. 53. He also alleged that Camden violated the NCUDTPA because this practice had the "capacity and tendency to deceive the average consumer." J.A. 55.

Camden removed the case to federal court and subsequently moved for summary judgment. In its motion for summary judgment, Camden argued that it was permitted to charge Suarez court costs and attorney's fees under section 42-46 of the RRAA. Camden also argued that there was no genuine issue of material fact to support Suarez's NCDCA and NCUDTPA claims because its collection practices comported with North Carolina law and were not unfair or deceptive. Suarez moved to certify a class and also moved for partial summary judgment, arguing that he was entitled to judgment as a matter of law on his RRAA and NCDCA claims.

The district court granted Camden's motion for summary judgment and denied Suarez's motion for partial summary judgment. In doing so, it concluded that Camden did not violate the RRAA by charging the filing fee, the service fee or the attorney's fees. Regarding the filing and service fees, the district court held that a 2018 amendment to section 42-46 of the RRAA (the "2018 amendment") authorized Camden to charge the fees. In so holding, the court applied the 2018 amendment retroactively, concluding that the amendment clarified existing law. Regarding the attorney's fees, the district court concluded that the RRAA authorized the charging of the fees because Camden had a

6

statutory basis under North Carolina law to recover the fees. And for that reason, the district court then held that Suarez could not show that Camden committed an unfair or deceptive act and, thus, his NCDCA and NCUDTPA claims must also fail. The district court also denied Suarez's motion for class certification as moot.

Suarez filed a timely notice of appeal. This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

On appeal, Suarez raises three main arguments. First, he argues that the district court erred in applying the 2018 amendment retroactively. Second, he argues that the pre-amendment version of section 42-46 prohibited charging a filing or service fee. Third and finally, he argues that the district court erred in concluding that section 42-46 authorized the attorney's fees in these circumstances.[2] Our review is de novo. *See Hodgin v. UTC Fire & Sec. Ams. Corp.*, 885 F.3d 243, 252 (4th Cir. 2018). Because the parties dispute substantive legal issues unresolved under North Carolina law, we must predict how the Supreme Court of North Carolina would rule on those issues. *See Stahle v. CTS Corp.*, 817 F.3d 96, 98–99 (4th Cir. 2016). In so doing, we must look first to that court's decisions, then to the opinions of North Carolina's lower courts. *See Twin City Fire Ins. Co. v. Ben Arnold-Sunbelt Beverage Co. of S.C.*, 433 F.3d 365, 369 (4th Cir. 2005).

---

[2] Suarez also argues that the 2018 amendment requires a landlord to pay a fee before charging the amount. Because of our resolution of the retroactivity issue, we need not address this argument on appeal.

We address each of Suarez's arguments in turn.

A.

To determine whether an amendment to a statute applies retroactively or prospectively under North Carolina law, courts must consider whether the North Carolina General Assembly intended the amendment to either clarify the meaning of the statute or alter the substance of the original statute. *Childers v. Parker's Inc.*, 162 S.E.2d 481, 483 (N.C. 1968). If an amendment clarifies the meaning of a statute, courts should apply it retroactively to "all cases pending before the courts when the amendment is adopted, regardless of whether the underlying claim arose before or after the effective date of the amendment." *Ray v. North Carolina Dept. of Transp.*, 727 S.E.2d 675, 681 (N.C. 2012). In contrast, if an amendment alters the substance of the statute, it is considered altering and not clarifying and courts should apply it prospectively only from the effective date of the statute. *Id.* at 681–82.

"Clarifying amendments are distinct from altering amendments in that they do not 'change the substance of' the original law." *Id.* at 682–83 (quoting *Childers*, 162 S.E.2d at 483). Thus, in determining whether an amendment is clarifying or altering, courts should conduct "a careful comparison of the original and amended statutes." *Ferrell v. Dept. of Transp.*, 435 S.E.2d 309, 315 (N.C. 1993).

Comparing the text of the statutes, the pre-amendment version of section 42-46 provided the following with respect to a landlord's ability to charge fees from a tenant:

> It is contrary to public policy for a landlord to put in a lease or claim any fee
> for filing a complaint for summary ejectment and/or money owed other than

8

the ones expressly authorized by subsections (e) through (g) of this section, and a reasonable attorney's fee as allowed by law.

N.C. Gen. Stat. § 42-46(h)(3) (2009).[3] Subsection (e) allowed a landlord to charge a complaint-filing fee that could not exceed $15 or 5% of the monthly rent (whichever is greater) only if:

> the tenant was in default of the lease, the landlord filed and served a complaint for summary ejectment and/or money owed, the tenant cured the default or claim, and the landlord dismissed the complaint prior to judgment. The landlord can include this fee in the amount required to cure the default.

N.C. Gen Stat. § 42-46(e) (2009). Subsection (f) allowed a landlord to charge a court-appearance fee in an amount equal to ten percent of monthly rent if "the tenant was in default of the lease; the landlord filed, served, and prosecuted successfully a complaint for summary ejectment and/or monies owed in the small claims court; and neither party appealed the judgment of the magistrate." N.C. Gen Stat. § 42-46(f) (2009). Subsection (g) allowed a landlord to claim a second trial fee not to exceed twelve percent of monthly rent if the landlord proved the tenant was in default of the lease and the landlord prevailed. N.C. Gen Stat. § 42-46(g) (2009).

Thus, the pre-amendment version of section 42-46 prohibited landlords from charging "any fee for filing a complaint for summary ejectment and/or money owed" other

---

[3] For purposes of comparison and our analysis of the pre-amendment version of section 42-46 below, we use the 2009 version of section 42-46 that was in effect at the time Camden charged Suarez the fees. However, our analysis would remain the same if we used the 2016 version of section 42-46 that was in effect at the time Suarez filed his complaint. The 2016 amendment to section 42-46 only modified the title of the section and a portion of subsection (f). N.C. Gen Stat. § 42-46(f) (2016).

than those authorized by the statute. N.C. Gen. Stat. § 42-46(h)(3) (2009). The statutory

exceptions were limited and included *only* a complaint-filing fee, a court-appearance fee,

a second trial fee and reasonable attorney's fees as allowed by law.

In comparison, the 2018 amendment modified section 42-46 to provide the

following with respect to a landlord's ability to claim fees from a tenant:

> It is contrary to public policy for a landlord to put in a lease or claim any fee
> for filing a complaint for summary ejectment and/or money owed other than
> the ones expressly authorized by subsections (e) through (g) *[and] (i)* of this
> section, and a reasonable attorney's fee as allowed by law.

N.C. Gen. Stat. § 42-46(h)(3) (2018) (emphasis added).[4] With the addition of subsection

(i), the General Assembly authorized landlords to impose three additional types of charges

on tenants. Subsection (i) provides the following:

> In addition to the late fees referenced in subsections (a) and (b) of this section
> and the administrative fees of a landlord referenced in subsections (e)
> through (g) of this section, a landlord is also permitted to charge and recover
> from a tenant the following actual out-of-pocket expenses:
>
> (1) Filing fees charged by the court.
> (2) Costs for service of process pursuant to G.S. 1A-1, Rule 4 of the North
> Carolina Rules of Civil Procedure and G.S. 42-29.
> (3) Reasonable attorneys' fees actually incurred, pursuant to a written lease,
> not to exceed fifteen percent (15%) of the amount owed by the tenant, or
> fifteen percent (15%) of the monthly rent stated in the lease if the eviction
> is based on a default other than the nonpayment of rent.

N.C. Gen. Stat. § 42-46(i) (2018).

---

[4] Section 42-46 was amended in 2018 following a North Carolina state court decision, which held that a landlord may only claim fees for a filing a complaint for summary ejectment that are set forth in section 42-46 itself. *Hargrove v. Grubb Management*, No. 17-cvs-007995, 2018 WL 5090889, at *1 (N.C. Super. Ct. Mar. 23, 2018).

The addition of subsection (i) altered the then existing law in several respects. First, subsection (i) authorizes a landlord to assess filing fees charged by the court. The pre-amendment version of the statute limited a landlord's ability to assess a complaint-filing fee, including limits on the amount of fee and on the circumstances in which a fee could be assessed. Second, it allows a landlord to charge service of process costs, which were not allowed under the pre-amendment version of the statute. Third, it expands a landlord's right to charge reasonable attorney's fees. Prior to the 2018 amendment, a landlord could charge "a reasonable attorney's fee as allowed by law." N.C. Gen. Stat. § 42-46(h)(3) (2009). The "allowed by law" limitation meant that a landlord could only claim a reasonable attorney's fee if the fee was authorized by a separate provision of North Carolina law. Frequently, this meant that a landlord could only claim a reasonable attorney's fee if it was authorized by section 6-21.2 of the North Carolina General Statutes. After the amendment however, subsection (i) provides landlords with an independent basis to charge an attorney's fee, authorizing a landlord to claim attorney's fees of an amount up to 15% of the outstanding amount owed or 15% of the amount of the monthly rent. Thus, a landlord no longer needs to rely on a separate provision of North Carolina law to claim attorney's fees.

This comparison shows that the new subsection substantively altered the rights of landlords and tenants. Accordingly, we find that the district court erred in applying the

11

2018 amendment retroactively and hold that the 2018 amendment should only be applied prospectively.[5]

B.

Having concluded that the 2018 amendment does not apply retroactively, we now turn to the question of whether the pre-amendment version of section 42-46 authorized Camden to charge Suarez the filing fee and the service fee. As noted above, the pre-amendment version of section 42-46 prohibited landlords from claiming "any fee for filing a complaint for summary ejectment and/or money owed other than the ones expressly authorized by subsections (e) through (g) of this section and a reasonable attorney's fee as allowed by law." N.C. Gen. Stat. § 42-46(h)(3) (2009). The statute carved out four limited exceptions to its prohibition against claiming fees: a complaint-filing fee in the amount of $15 or 5% of the monthly rent (whichever is greater), a court-appearance fee, a second trial fee and a reasonable attorney's fee as allowed by law.

On appeal, Camden does not argue that the $96 filing fee and the $30 service fee fit within any of these enumerated exceptions. Instead, it attempts to distinguish between administrative fees and court costs, arguing that section 42-46(h)(3)'s general prohibition

---

[5] After comparing the original and amended statutes, courts may also look to legislative history to determine whether an amendment is clarifying or altering. *See Thomas v. Barnhill*, 403 S.E.2d 102, 103 (N.C. 1991). The legislative history of the amendment only reinforces this conclusion. The Session Law that amended the statute was titled: "An Act to Allow Landlords to Recover Out-of-Pocket Expenses in Summary Ejectment Cases." 2018 N.C. Sess. Laws 50. The use of the word "allow" necessarily implies that landlords were previously prohibited from claiming the out-of-pocket expenses identified in subsection (i).

12

against claiming "any fee" applied to administrative fees but not to court costs. Camden then argues that the "Attorney/Eviction Fees" in dispute are court costs, not administrative fees, and thus not governed by section 42-46(h)(3).

However, the text of section 42-46 does not support Camden's distinction. First, the phrase "any fee for filing a complaint for summary ejectment and/or money owed" is not expressly limited to administrative fees. Second, the exceptions to section 42-46(h)(3)'s general prohibition against charging "any fee" include "a complaint-filing fee" and "a reasonable attorney's fee as allowed by law." These fees are not administrative fees. Thus, if section 42-46(h)(3) applied only to administrative fees, it would not need to create an exception for a complaint-filing fee or for attorney's fees. Contrary to Camden's argument, the General Assembly used the term "fee" broadly, encompassing not only administrative fees, but also out-of-pocket-expenses and attorney's fees. Thus, we conclude that, under the pre-amendment version of the statute, Camden was not authorized to charge Suarez the filing fee or the service fee.

C.

Last, we turn to whether the pre-amendment version of section 42-46 authorized Camden to charge Suarez a reasonable attorney's fee. As noted above, section 42-46 authorized a landlord to claim "a reasonable attorney's fee as allowed by law." N.C. Gen. Stat. § 42-46(h)(3) (2009).

In evaluating whether Camden's attorney's fee was authorized by law, we begin with the lease between Camden and Suarez. The lease expressly provides that Camden may recover a reasonable attorney's fee. But that does not end our inquiry because, under North

13

Carolina law, a party may contract to recover attorney's fees only if such a recovery is authorized by statute. *Stillwell Enterprises, Inc. v. Interstate Equipment Co.*, 266 S.E.2d 812, 814–15 (N.C. 1980). Therefore, for Camden to properly claim an attorney's fee, there must be a statutory basis for the fee.

As both parties concede, section 6-21.2 of the North Carolina General Statutes provides that "[o]bligations to pay attorneys' fees upon . . . evidence of indebtedness . . . shall be valid and enforceable, and collectible as part of such debt, if such . . . evidence of indebtedness be collected by or through an attorney at law after maturity . . . ." N.C. Gen Stat. § 6-21.2. In interpreting this statute, North Carolina courts have held that evidence of indebtedness includes a lease on real property. *WRI/Raleigh, L.P. v. Shaikh*, 644 S.E.2d 245, 250 (N.C. App. 2007).

Even so, Suarez claims section 6-21.2 does not support Camden's attorney's fee charge because, according to Suarez, that statute only applies to suits seeking money damages on the debt, which Camden did not seek. But Suarez's narrow reading of the statute is at odds with North Carolina law. Because Section 6-21.2 is a remedial statute, North Carolina courts avoid a narrow construction of the statute and construe it liberally. *Coastal Production Credit Ass'n v. Goodson Farms, Inc.*, 319 S.E.2d 650, 655 (N.C. App. 1984). Under such a construction, when an action is "reasonably related to the collection of the underlying note sued upon," attorney's fees incurred may be properly awarded under the statute. *Id.* In enacting the statute, the "General Assembly did not limit those [attorney's] fees solely to those incurred directly in the prosecution of the action on the

14

note. In fact, it recognized that in some cases 'ancillary claims' would be necessary, without in any way barring attorneys' fees incurred in pursuing such claims." *Id*. at 656.

Here, in pursuing a summary ejectment action, Camden undertook an action "reasonably related" to its lease agreement. *See id.* at 655. Considering this relationship and given the liberal construction of Section 6-21.2, we conclude that the district court correctly determined that Camden had a statutory basis under Section 6-21.2 to charge Suarez a reasonable attorney's fee.

## III.

Because we conclude that the 2018 amendment does not apply retroactively and that the pre-amendment version of section 42-46 authorized Camden to claim a reasonable attorney's fee but not a filing fee or a service fee, we affirm in part and reverse in part the judgment of the district court with respect to Camden's motion for summary judgment. In doing so, we not only reverse the district court's judgment with respect to Suarez's RRAA claim but also necessarily with respect to Suarez's NCDCA and NCUDTPA claims.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process. We remand the case for further proceedings consistent with this opinion.

*AFFIRMED IN PART, REVERSED IN PART AND REMANDED*